UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIYOKO RUBIO | CIVIL ACTION |
| VERSUS | No. 17-7833 |
| HYATT CORPORATION, ET AL. | SECTION: "J"(2) |

## ORDER AND REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is Hyatt Corporation, C.R. Contractors, LLC, and Maritza Romero's (collectively "Defendants") *Motion to Dismiss*. **(Rec. Doc. 9.)** Plaintiff, Kiyoko Rubio, filed an opposition to the motion. (Rec. Doc. 14.) Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This action arises from Plaintiff's employment with C.R. Contractors, LLC, a company that provides room attendants and other hotel staff to several hotels in the New Orleans area.[1] C.R. Contractors, LLC assigned Plaintiff to Hyatt Corporation's Hyatt House as a room attendant from approximately February 2, 2016, to June 20, 2016. On June 14, 2016, personnel from C.R. Contractors and the Hyatt House called Plaintiff into a meeting where she was promoted to a supervisory position within the Hyatt House. Those

---

[1] The following allegations are taken from Plaintiff's complaint. (Rec. Doc. 1.) They are assumed to be true for the purposes of this motion.

in attendance included Maritza Romero, president and owner of C.R. Contractors, LLC, and Peggy Johnson, general manager of the Hyatt House. Plaintiff alleges that "[m]oments after being promoted," she informed Martiza Romero and Peggy Johnson that she was pregnant. (Rec. Doc. 1 ¶ 7.) On June 20, 2016, six days after being promoted, Defendants allegedly terminated her because of her pregnancy. Maritza Romero allegedly called Plaintiff that same day and stated that "she did not like the decision that the Hyatt House took, but she had to follow orders." (Rec. Doc. 1 ¶ 11.)

On August 14, 2017, Plaintiff filed suit against Defendants for pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.[2] Defendants now move to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. **(Rec. Doc. 9.)** Plaintiff filed an opposition to the motion. (Rec. Doc. 14.) The motion is now before the Court on the briefs and without oral argument.

### PARTIES ARGUMENT

Defendants seek dismissal of Plaintiff's claims under Rule 12(b)(6) claiming that the evidence demonstrates that no adverse employment action was taken against Plaintiff. Defendants attached several documents for the Court's consideration in

---

[2] *See* 42 U.S.C. § 2000e(k).

support of its motion. These documents include an affidavit by Martiza Romero; email correspondence; and records from Martiza Romero's cellphone. Defendants argue that these materials may be considered by the Court because they are referred to in Plaintiff's complaint and are central to her claim. (Rec. Doc. 9-1 at 5.)

Martiza Romero's affidavit states, in relevant part: (1) she was "well aware" of Plaintiff's pregnancy "at the time of Plaintiff's promotion"; (2) she informed Plaintiff on June 19, 2016, that Plaintiff would be laterally transferred from the Hyatt House to Hyatt Regency "due to Plaintiff having issues with other management at the Hyatt House"; (3) Hyatt Regency required Plaintiff to interview with management before she started working there as a supervisor; (4) she attempted to contact Plaintiff multiple times on June 22 and 23, 2016 by call and text to no avail in order to schedule the interview; (5) Plaintiff did not return her calls or texts; (6) Plaintiff was not terminated and was not discriminated against; and (7) Plaintiff was promoted because she was "doing such a good job" and also to accommodate Plaintiff's pregnancy "so that she would not have to clean rooms and exhaust herself." *See* Rec. Doc. 9-2. The email correspondence includes four emails between Mimi Romero (Martiza Romero's daughter), Anitra Williams, and Maria Ruiz, dated June 22, 2016, discussing the need to set up an interview with Plaintiff for her supervisory role at the Hyatt Regency. *See* Rec. Doc. 9-3. Defendants do not

3

identify Anitra Williams or Maria Ruiz. Defendants argue that this shows Plaintiff could not have been terminated as alleged on June 20, 2016. The cellphone records show multiple outgoing calls and text messages from Martiza Romero's cellphone to Plaintiff's purported cellphone on June 22 and 23, 2016. *See* Rec. Doc. 9-2. Defendants argue that this demonstrates that Plaintiff was not terminated on June 20, 2016, and that she stopped communicating and showing up for work.

Plaintiff argues that the emails, cellphone records, and affidavit are improperly attached to the Rule 12 motion to dismiss and should not be considered by the Court. Plaintiff concedes that the thoughts and motives of Defendants are central to Plaintiff's claim, however, Plaintiff argues that the materials are self-serving depictions that should not be admitted at this stage of the litigation. Alternatively, if the motion is converted into a motion for summary judgment, Plaintiff requests that the Court grant her more time for additional discovery pursuant to Federal Rule of Civil Procedure 56(d).

## DISCUSSION

**(1) Motion to Dismiss or Motion for Summary Judgment?**

While courts typically cannot consider evidence outside of the pleadings in the context of a motion to dismiss, a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007). The United States Court of Appeals for the Fifth Circuit has established that a court's consideration of documents attached to a motion to dismiss is limited "to documents that are referred to in the plaintiff's complaint *and* are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (emphasis added) (citation omitted).

A district court may, in its discretion, treat a motion to dismiss as a motion for summary judgment and consider evidence outside of the pleadings. *See* Fed. R. Civ. P. 12(d); *Soley v. Star & Herald Co.*, 390 F.2d 364, 366 (5th Cir. 1968). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "When a party bases a motion to dismiss on matters outside the pleadings, the court has discretion either to accept the extraneous material and convert the motion to dismiss into a motion for summary judgment, or to decide the motion, as defendant styled it, under the principles of Rule 12(b)(6)." *McDonald v. Kansas City S. Ry. Co.*, 16-15975, 2017 WL 1709353, at *2 (E.D. La. May 3, 2017) (citations omitted). This discretion is exercised based on a determination of whether the material outside the 12(b)(6) motion will facilitate disposition of the action. *Ware v. Associated Milk Producers*, 614 F.2d 413, 415 (5th Cir. 1980).

5

However, if the material is incomplete or inconclusive, conversion is generally rejected. *Id*.

Here, Defendants base their motion to dismiss on an affidavit, cellphone records, and e-mail correspondence that were attached to Defendants' motion. While the documents may contain information central to Plaintiff's claim, Plaintiff does not reference these materials in her complaint. Therefore, these documents are matters outside the pleadings and shall not be considered by the Court.[3] *See Johnson v. PPI Tech. Servs., L.P.*, 11-2773, 2012 WL 3065499, at *2 (E.D. La. July 27, 2012) (concluding that the chain of emails attached as support to movant's motion to dismiss was material outside the pleadings and not properly considered on a motion to dismiss); *but see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering insurance contracts attached to the motions to dismiss when they were referred to in the complaint and central to the plaintiffs' claims).

---

[3] For further explanation of what constitutes "matters outside the pleadings," *see* 5C Wright & Miller, *Fed. Prac. & Proc. Civ*. § 1366 (3d ed.):

> Most federal courts . . . have viewed the words "matters outside the pleading" as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion. The same is true for various types of exhibits that are attached to the pleading, matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are "central" or "integral" to the pleader's claim for relief.

The Court, in its discretion, declines to convert Defendants' motion to a motion for summary judgment.[4] *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x. 775, 783 (5th Cir. 2007) ("[W]hen 'matters outside of the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the [additional] evidence."); *see also* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) (recognizing that a district court is likely to accept material outside the pleadings and convert a motion to dismiss into a motion for summary judgment when the material is comprehensive and will enable a rational determination of a Rule 56 motion). This litigation is in its beginning stages and the parties have had very little, if any, time to conduct discovery. Therefore, finding that a motion for summary judgment is premature at this time, the Court excludes the extraneous documents and considers Defendants' motion as a motion to dismiss strictly on the pleadings.[5]

**(2) Rule 12(b)(6) Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is

---

[4] Notably, Defendants have not requested, in the alternative, that this Court convert their motion to a motion for summary judgment, at which time the Court would be able to consider matters outside the pleadings. However, even if Defendants had made such a request, the Court would have still declined to convert this motion to a motion for summary judgment.

[5] The Court's ruling does not preclude Defendants' ability to move for summary judgment at a later stage with a more fully developed record. *See Ware*, 614 F.2d at 414-15.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

**(a) Title VII Discrimination**

Defendants rely on their attached documents to show there is no genuine issue of material fact, but do not mention whether Plaintiff plead enough facts to state a claim that is plausible on its face. Defendants confuse arguments in support of a Rule 12(b)(6) dismissal with those properly asserted in a summary judgment context. Nevertheless, the Court will consider the sufficiency of Plaintiff's complaint.

Plaintiff argues that the complaint contains sufficient factual grounds to state a plausible claim for pregnancy discrimination under Title VII of the 1964 Civil Rights Act. Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or

8

national origin." 42 U.S.C. § 2000e-2(a)(1). In 1978, Congress enacted the Pregnancy Discrimination Act ("PDA"), which amended Title VII to include discrimination based on pregnancy and pregnancy-related medical conditions within the definition of sex-based discrimination.[6] *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 859 (5th Cir. 2002).

The Supreme Court has stated that the plaintiff's burden of making out a *prima facie* discrimination claim "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). However, a court may consider the *McDonnell Douglas* framework in assessing the sufficiency of a complaint, as no plaintiff is exempt from the obligation to "allege facts sufficient to state all the elements of her claim." *See Puente v. Ridge,* 324 F. App'x 423, 427-48 (5th Cir. 2009) (citation omitted). Under this framework, Plaintiff must first establish a *prima facie* case of discrimination. *Id*. at 427 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). To do so, Plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for the position at issue; (3) she was discharged

---

[6] 42 U.S.C. § 2000e(k) provides, in pertinent part:
    The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work.

or suffered some adverse employment action by the employer; and (4) similarly situated nonpregnant employees were more favorably treated. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). After Plaintiff establishes her *prima facie* case, the burden shifts to Defendants to articulate a legitimate, non-discriminatory reason for the adverse employment decision. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). "If the employer articulates such a reason, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant [*i.e.*, the employer] were not its true reasons, but were a pretext for discrimination." *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 967 (5th Cir. 2016) (citations omitted).

Assuming all factual allegations as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has pled enough facts to establish a plausible claim upon which she is entitled to relief. First, although Plaintiff does not specifically state that she was qualified for the position at issue, that fact can be inferred from her allegations that she was employed as a room attendant from approximately February 2, 2016 to June 20, 2016 and promoted to a supervisory position on June 14, 2016. Second, "moments after being promoted," Plaintiff alleges that she informed Defendants that she was pregnant, i.e. a member of a protected class. (Rec. Doc. 1 at ¶ 7.) Third,

Plaintiff alleges that Defendants terminated her, which is indisputably considered an adverse employment action.

Finally, Plaintiff does not allege any facts showing that other similarly situated nonpregnant employees were more favorably treated, however, Plaintiff is not required to establish each prong of a *prima facie* case to survive a motion to dismiss. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (noting that a plaintiff need not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim). Therefore, the final question to be resolved is whether Plaintiff stated enough facts to show that Defendants terminated her *because* of her pregnancy. *See id.* ("[T]he ultimate question in a Title VII disparate treatment claim remains whether a defendant took the adverse employment action against a plaintiff because of her protected status."). Plaintiff alleges that her termination came six days after she informed Defendants that she was pregnant. Plaintiff insists that the termination was "because she was pregnant" and for "no good faith reason." (Rec. Doc. 1 at ¶¶ 9, 10.)

The Fifth Circuit has established that, in the context of retaliation and other employment discrimination claims, temporal proximity, when very close, can in some instances be evidence of pretext. *Fairchild*, 815 F.3d at 968; *see also Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (citing

11

*Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001)). However, to survive summary judgment, "[t]iming standing alone is not sufficient absent other evidence of pretext." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 240 (5th Cir. 2015) (citations omitted). In *Burton*, the court concluded that, in addition to other significant evidence of pretext, the employer's decision to terminate the plaintiff was sufficiently close in time to the employer's discovery of the plaintiff's medical condition to raise an inference of pretext and survive a motion for summary judgment. *Id*. at 240-41.

More recently, the Fifth Circuit declined to adopt a different analysis for pregnancy-based sex discrimination claims. *Fairchild*, 815 F.3d at 968. In *Fairchild*, the Fifth Circuit considered, as a matter of first impression, whether the temporal proximity between an employer learning of the plaintiff's pregnancy and the adverse employment action was sufficient to prove pretext in a pregnancy discrimination matter. *Id*. at 967-68. In assessing the plaintiff's claim under *McDonnell Douglas*, the court held that "[b]ecause the only circumstantial evidence in this case was temporal proximity, [the defendant] was entitled to a judgment as a matter of law after it established legitimate, nondiscriminatory reasons for [the plaintiff]'s termination." *Id*. at 968. The court determined that "[a]lthough the temporal proximity between the employer learning of the plaintiff's pregnancy and her termination

may support a claim of pretext, such evidence – without more – is insufficient." *Id*.[7]

Here, the burden on Plaintiff is much lower in the context of a Rule 12(b)(6) motion to dismiss. Plaintiff has alleged that a mere six day period separated the moment Defendants learned of her pregnancy and the moment she was terminated. Such an allegation reasonably allows the Court to at least infer that the termination was causally connected to Plaintiff's pregnancy. *See Raj*, 714 F.3d at 331 (stating that alleged facts must be sufficient to at least create an inference that the plaintiff was discriminated against because of the alleged protected characteristic). Due to the close temporal proximity of the date Defendants allegedly learned of Plaintiff's pregnancy and Plaintiff's termination, the Court finds that Plaintiff has established a causal nexus sufficient to state a claim for pregnancy discrimination.

---

[7] Other courts have likewise determined that temporal proximity can establish a causal connection between plaintiff disclosing her pregnancy and an adverse employment action. *See e.g., Asmo v. Keane, Inc.*, 471 F.3d 588, 593-94 (6th Cir. 2006) (concluding that two months is sufficient to establish a link between the defendant's knowledge of plaintiff's pregnancy and her subsequent termination for the purposes of a *prima facie* case); *Govori v. Goat Fifty, L.L.C.*, 519 F. App'x 732, 734 (2d Cir. 2013) ("While temporal proximity between events may give rise to a *prima facie* case of discrimination, "such temporal proximity is insufficient to satisfy plaintiff's burden to bring forward some evidence of pretext.") (citation omitted).

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 9)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' *Motion for Leave to File Reply* **(Rec. Doc. 15)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 8th day of November, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE